UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TWO THOUSAND DOLLARS, THREE | ) | |
| HUNDRED SIXTY-EIGHT DOLLARS | ) | |
| ($2,368.09) U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT OF FORFEITURE**

Comes now plaintiff, United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield,

Assistant United States Attorney, for said district, and in a civil cause of action for forfeiture

respectfully states as follows:

1.   In this *in rem* civil action the United States seeks forfeiture of certain property,

currently in the possession and custody of the plaintiff pursuant to the provisions of Title 21,

United States Code, Section 881.

2.   Subject Matter Jurisdiction of this Court is based on Title 28, United States Code,

Sections 1345, 1355(a), and Title 21, United States Code, Section 881.  *In rem* jurisdiction is

based on Title 28, United States Code, Section 1355.  Venue is proper in this district pursuant to

Title 28, United States Code, Sections 1355 &1395 and Title 21, United States Code, Section

881(j).

3.   The defendant property was furnished or intended to be furnished in exchange for

controlled substances in violation of the Controlled Substances Act, Title 21, United States

Code, Section 801 *et seq.*, was proceeds traceable to such an exchange, and was used or intended

to be used to facilitate such an exchange.  The defendant property is therefore subject to

forfeiture to the United States of America, under the provisions of Title 21, United States Code,

Section 881(a)(6).

     4.   The defendant property was seized in the Eastern District of Missouri and is now, and

during the pendency of this action will be in the jurisdiction of this court.

     5.   On or about May 24, 2012, the defendant currency ($2,368.09) was seized from

Garland Rush-Bey and Janice Qualls by the Drug Enforcement Administration.  The plaintiff

alleges the defendant property is subject to forfeiture and for its reasons states as follows:

     6.   An investigation conducted by the Drug Enforcement Administration identified

multiple individuals involved in a drug distribution network operating throughout the St. Louis,

Missouri area.  During the investigation, agents identified Garland Rush-Bey and Janice Qualls

as members significantly involved in the distribution network.

     7.   Subsequent to the investigation, on or about May 24, 2012, a federal search

warrant was executed at the residence of Janice Qualls located in St. Louis, Missouri.  During

the search, agents discovered and seized suspected cocaine, suspected crack cocaine, suspected

heroin, various pharmaceutical pills, a digital scale, miscellaneous documents, U.S. Currency,

and various drug processing equipment (masks, a strainer, a toothbrush, and empty pill

capsules).

     8.   During a post search warrant interview, Rush-Bey informed investigators that he

would be responsible for any drugs discovered during the search.  Rush-Bey also indicated that

the currency was his.  Qualls would not speak with investigators.

9.   The total amount of currency seized during the search was $3,825.00.  However, Janice Qualls has only filed a claim with the Drug Enforcement Administration for $2,368.09 of the amount seized.

10. The only people known to have any possible interest in the defendant property are Garland Rush-Bey and Janice Qualls.

11. By reason of these premises, the defendant property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 881.

WHEREFORE, Plaintiff prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*/s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #533350MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

3

## VERIFICATION

I, Special Agent Michael Cossou, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _11-07-2012_
(date)

MICHAEL COSSOU
Special Agent
Drug Enforcement Administration